UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**THOMAS R. PRINCE,**

      **Plaintiff,**

    v.                          Case No. 2:21-cv-344
                                 Judge Michael H. Watson
**OHIO DEPARTMENT OF**         Magistrate Judge Chelsey M. Vascura
**REHABILITATION AND**
**CORRECTION,** *et al.***,**

      **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Thomas R. Prince, an Ohio inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 against Defendants Ohio Department of Rehabilitation and Correction ("ODRC"), Noble Correctional Institution ("NCI"), and ARAMARK Food Corp. ("Aramark"), arising out of Defendants' alleged failure to enforce their own policies intended to slow the spread of COVID-19. This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A(b); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).  Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that Plaintiff's Complaint

be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF No. 1.) Plaintiff is required to pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1).

Plaintiff's certified trust fund statement reveals that he currently has $0.00 in his prison account. Pursuant to 28 U.S.C. § 1915(a)(1), the custodian of Plaintiff's inmate trust accounts at Noble Correctional Institution (Inmate ID A768980) is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six-months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10 until the full fee of $350 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office.  The Clerk is further **DIRECTED** to forward a copy of this Order to the Court's financial office in Columbus.

## I.

According to Plaintiff's Complaint, he submitted numerous informal complaints, grievances, and appeals to prison officials related to Defendants' failure to enforce their own policies intended to slow the spread of COVID-19.  Specifically, Plaintiff complains of food service workers failing to wear masks or other personal protective equipment and failing to maintain social distance while preparing or serving food.  Plaintiff attaches several letters from NCI's warden to inmates emphasizing the need for everyone at NCI to observe COVID-19 protocols.  (Compl., PAGEID #20–22, ECF No. 1-2.)  He further alleges that his complaints have been "granted as factual," but that the policy violations have continued.  (*Id.* at PAGEID #15.)  Plaintiff contends that the food service workers' failure to comply with COVID-19 policies has resulted in lockdowns that could otherwise have been avoided or shortened, and that the lockdowns prevent him from participating in educational programs that could reduce his prison sentence.  (*Id.* at PAGEID #15–17.)  Plaintiff seeks $3 million in compensatory damages and injunctive relief.  (*Id.* at PAGEID #18.)

## II.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual

4

demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III.

Plaintiff's Complaint asserts claims only under 42 U.S.C. § 1983. Such claims are not viable against ODRC and NCI because, as arms of the state, they are immune from suit under the Eleventh Amendment of the United States Constitution. The Eleventh Amendment operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless

5

the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cty.*, 211 F.3d 331, 334 (6th Cir. 2000). "It is well established that § 1983 does not abrogate the Eleventh Amendment." *Harrison v. Mich.*, 722 F.3d 768, 771 (6th Cir. 2013) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). Both ODRC and its correctional institutions such as NCI are instrumentalities of the State of Ohio. *See*, *e.g.*, *Allen v. Ohio Dep't of Rehab. & Corr.*, 128 F. Supp. 2d 483, 490 (S.D. Ohio 2001); *Stayner v. Ohio Dep't of Rehab. & Corr.*, No. 2:09-CV-752, 2010 WL 2620586, at *5 (S.D. Ohio June 25, 2010); *Clark v. Chillicothe Corr. Inst.*, No. 2:19-CV-954, 2019 WL 3406432, at *2 (S.D. Ohio July 29, 2019), *report and recommendation adopted*, 2020 WL 1227224 (S.D. Ohio Mar. 13, 2020). Because Ohio has not waived its sovereign immunity in federal court, it is entitled to Eleventh Amendment immunity from suit, regardless of the relief sought. *Pennhurst*, 465 U.S. at 100–01; *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Thus, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against ODRC and NCI.

Plaintiff's claim against Aramark also fails. Although Aramark might plausibly be considered a state actor for purposes of a § 1983 claim, *see Vartinelli v. Aramark Corr. Servs., LLC*, 796 F. App'x 867, 871 (6th Cir. 2019), Plaintiff has failed to allege that Aramark maintained a policy or custom that disregarded inmates' health or safety, as required to state a claim against the company. *Id.* (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). "[A] private corporation like Aramark is liable under § 1983 only when its official policy or well-settled custom causes the alleged deprivation of federal rights." *Green v. Dorman*, No. 2:19-CV-2968, 2019 WL 3220555, at *3 (S.D. Ohio July 17, 2019), *report and recommendation adopted*, 2019 WL 3944441 (S.D. Ohio Aug. 21, 2019) (quoting *McDaniel v. Bechard*, 2019 WL 1372170, at *4 (E.D. Mich. Feb. 20, 2019) (citing *Braswell v. Corr. Corp. of*

6

*Am.*, 419 F. App'x 622, 627 (6th Cir. 2011))). Here, Plaintiff has failed to allege the existence of any such policy or custom. In fact, Plaintiff alleges the opposite—that Aramark had policies in place to slow the spread of COVID-19, but that Aramark employees were not consistently following those policies.

Further, to the extent Plaintiff seeks to hold Aramark liable based on its failure to properly supervise its employees, that claim also fails. "Section 1983 liability must be premised on more than mere *respondeat superior*, the right to control one's employees." *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009) (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). "Aramark . . . could not be held liable based on respondeat superior absent a finding that it 'encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Boles v. Aramark Corr. Servs., LLC*, No. 17-1919, 2018 WL 3854143, at *4 (6th Cir. Mar. 19, 2018) (quoting *Coley v. Lucas Cty.*, 799 F.3d 530, 542 (6th Cir. 2015) and *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 81 (6th Cir. 1995)). Because Plaintiff has not alleged that Aramark encouraged or directly participated in its employees' failures to comply with its COVID-19 policies, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against Aramark.

### IV.

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim on which relief may be granted.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with

supporting authority for the objection(s).  A Judge of this Court shall make a de novo determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE