UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Thomas R. Prince,

    Plaintiff,

    v.

Ohio Department of Rehabilitation
and Correction, *et al.*,

    Defendants.

Case No. 2:21-cv-344

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Thomas R. Prince ("Plaintiff"), proceeding *pro se*, sues the Ohio Department of Rehabilitation and Correction ("ODRC"), Noble Correctional Institution ("NCI"), and Aramark, an entity contracted to provide food services to NCI, under 42 U.S.C. § 1983. Compl., ECF No. 3. Plaintiff alleges that, while providing food services for inmates at NCI, Aramark failed to enforce personal protection equipment ("PPE") and social distancing guidelines for its employees and inmate employees, which created dangerous conditions for inmates vis-à-vis COVID-19. *Id.* Plaintiff further alleges that ODRC ignored those dangerous conditions despite being advised of the same. *Id.* Plaintiff seeks damages and injunctive relief. *Id.*

On February 8, 2021, Magistrate Judge Vascura, to whom this case was referred for an initial screen under 28 U.S.C. §§ 1915(e)(2) and 1915A, issued a Report and Recommendation ("R&R"), recommending the Court dismiss

Plaintiff's Complaint for failure to state a claim. R&R, ECF No. 4. Specifically, the R&R concludes that Defendants ODRC and NCI are immune from Plaintiff's § 1983 suit under the Eleventh Amendment, regardless of the relief requested. *Id.* at 6. Further, the R&R recommends dismissing the claims against Aramark because there is no *respondeat superior* liability under § 1983 and Plaintiff failed to allege the existence of a policy, custom, or practice for which Aramark could be found liable. *Id.*

Plaintiff objected, Obj., ECF No. 5, and moved for an extension of time, Mot., ECF No. 6.

Under Rule 72(b), the Court must determine *de novo* any part of the Magistrate Judge's disposition to which Plaintiff has properly objected. Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

In his objections, Plaintiff repeats his factual allegations concerning Aramark's failure to enforce PPE and social distancing guidelines in the chow hall at NCI and states that his grievances concerning the same were substantiated by ODRC. Plaintiff argues that "it would be a contradiction for the law to provide protection from abuse negl[i]gence unfairness or any complaint that a inst[i]tutional setting can gen[]erate but then provide protection for those that unfairly abuse and neglect inmates that make[] the complaints." Obj. 2, ECF No. 5. Plaintiff also asserts that although the Eleventh Amendment prevents

private citizens from suing a state in federal court, he is a ward of the State rather than a private citizen. *Id.*

Additionally, Plaintiff moves for a blanket extension of all deadlines by thirty days, arguing that his legal mail is being held at NCI before it is forwarded to him. Mot., ECF No. 6. He also asks the Court to order Defendants to provide a copy of all grievances Plaintiff filed at NCI (including appeals thereof), all correspondence between Plaintiff and Defendants, and a record of all mail at NCI addressed to Plaintiff that requires a signature prior to delivery. *Id.*

As a preliminary matter, Plaintiff did not address in his objections that portion of the R&R recommending dismissal of his claims against Aramark for failure to allege a policy, custom, or practice. Accordingly, that portion of the R&R is **ADOPTED** without further review.

Moreover, upon *de novo* review, Plaintiff's objections regarding dismissal of the claims against ODRC and NCI are **OVERRULED** and the R&R is **ADOPTED**. Despite Plaintiff's protestations about the unfairness of the law, Plaintiff has failed to show that his claims against ODRC and NCI, arms of the State of Ohio, are not barred by sovereign immunity. Plaintiff has not sued any individuals (in either their personal or official capacities) and therefore has no surviving personal-capacity claims or any claims that could survive under the *Ex parte Young* exception to sovereign immunity.

Finally, Plaintiff's objection to the R&R was timely filed and considered by the Court. Given the Court's ruling adopting the R&R and dismissing Plaintiff's

claims, Plaintiff's request for an extension of time and for discovery are **DENIED AS MOOT**.

For the above reasons, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. The Clerk shall enter judgment and terminate this case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURTS**